**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAHKEEM DIONTE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26CV1593 JMB |
| | ) | |
| ST. CHARLES CITY POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Rahkeem Dionte Harris, currently incarcerated in the St. Charles County Department of Corrections, has filed a prisoner civil rights complaint under 42 U.S.C. 1983 against "the St. Charles City Police" and three of its officers, whom he has partially identified as Detective Brown, Detective Bathon, and Officer Jennings. Although Plaintiff appropriately used the Court-provided form for his complaint, the Court must address two defects in Plaintiff's filings.

First, the complaint is defective because it is not signed. Federal Rule of Civil Procedure 11 requires that every pleading (including a complaint) "must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Likewise, E.D. Mo. Local Rule 2.11 explains that documents "must be physically signed" if endorsed by someone "other than an attorney of record." As a self-represented litigant, Plaintiff is required to physically sign his filings. *See Pack v. City of St. Charles*, No. 4:25-CV-911-MTS, 2025 WL 2549230, at *1 (E.D. Mo. Sept. 4, 2025) (collecting cases). The Court will be directed to mail a copy of Plaintiff's complaint back to him for signature. **No later than November 9, 2026**, Plaintiff must file a complaint containing his

original signature. If Plaintiff fails to do so, his complaint will be subject to dismissal without further notice.

Second, Plaintiff has neither paid the required filing fee of $405 nor requested to be excused from that requirement. Generally, when initiating a lawsuit, a party must "pay a filing fee" before proceeding, 28 U.S.C. § 1914(a), unless that party seeks and obtains leave to proceed in forma pauperis, *see* 28 U.S.C. § 1915. To obtain in forma pauperis (IFP) status, a plaintiff must "submit[] an affidavit that includes a statement of all assets [he] possesses" and shows that he is "unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1); *see also* Local Rule 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court.") Additionally, an incarcerated plaintiff must provide a certified copy of his inmate-account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). For this reason, the Clerk will be directed to mail to Plaintiff the Court's standard form application to proceed in forma pauperis. **No later than November 9, 2026**, Plaintiff must either (1) pay the full $405 filing fee or (2) file a completed, signed IFP application on the Court-provided form along with a certified inmate-account statement compliant with the requirements of section 1915(a) and Local Rule 2.05(A). If the Plaintiff fails to do so, the complaint will be subject to dismissal without further notice.

Plaintiff is cautioned that if he is granted IFP status, he will be required to pay an initial partial filing fee, and that any prisoner who brings a civil action in forma pauperis "shall be required to pay the full amount of a filing fee" by making installment payments over time.[1]

[1] "…[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **November 9, 2026**, Plaintiff must file a complaint that contains his original signature. If he fails to do so, his complaint will be subject to dismissal without further notice.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a copy of the complaint he filed on October 1, 2026.

**IT IS FURTHER ORDERED** that, no later than **November 9, 2026**, Plaintiff must either pay the full $405 filing fee or file a completed, signed Application to Proceed in District Court without Prepaying Fees or Costs on the Court-provided form, along with a certified inmate-account statement of the six-month period immediately preceding the filing of the complaint. If he fails to do so, his complaint will be subject to dismissal without further notice.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a blank copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs.

***/s/ John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of October, 2026.

---

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."
28 U.S.C. § 1915(b)(1) & (2).