**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAHKEEM DIONTE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-01593-JMB |
| | ) | |
| ST. CHARLES CITY POLICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil-rights action was filed by self-represented plaintiff Rahkeem Dionte Harris, currently incarcerated in the St. Charles County Department of Corrections. Pending before the Court are two motions: (1) Plaintiff's motion for leave to proceed without prepaying the full filing fee, which will be granted and an initial partial fee of $95.28 assessed, and (2) Plaintiff's motion for appointment of counsel, which will be denied at this time.

The Court also has undertaken preservice review of the operative complaint under 28 U.S.C. § 1915. Pursuant to its review and for the reasons discussed below, the Court will order the Clerk of Court to issue service of process on defendants Bathon and Brown in their individual capacities. The Court will dismiss, however, any claims against Officer Jennings, Correctional Officer Griffin, Lieutenant Puerto, and the St. Charles City Police Department.

**Application to Proceed Without Paying the Filing Fee**

Plaintiff is considered a "prisoner" for purposes the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c). Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds

exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, Plaintiff submitted a copy of his certified inmate account statement for the past three months, Doc. [5], which shows he cannot prepay the entire filing fee. As such, the Court will assess an initial partial filing fee of $95.28, which constitutes 20 percent of the average monthly deposits in the prisoner's account over that time period. *See id.* § 1915(b)(1).

**Motion for Appointment of Counsel**

Plaintiff also requested appointment of counsel. Doc. [2]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *accord Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the

existence of conflicting testimony, and their ability to present their claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims, and the factual and legal issues in this case are not complex. Further, Plaintiff did not provide any information about what efforts he had made to obtain legal counsel. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (commenting that, before appointing counsel for an indigent civil litigant, a court "should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful"). The motion for appointment of counsel will be denied at this time. The Court will entertain future motions for appointment of counsel as the case progresses.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it determines that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984),

and it liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (explaining that a district court need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. He alleges that on July 15, 2026, at approximately 12:11 p.m., he was a passenger in a vehicle stopped by City of St. Charles police. He states that, as the car stopped in the Lindenwood University library parking lot, he was pulled out by Detective Bathon (badge number 523), while Detective Brown (badge number 518) held Plaintiff at gunpoint. Plaintiff alleges Detective Bathon threw Plaintiff to the ground, placed his knee on Plaintiff's back, and began punching Plaintiff repeatedly. When Plaintiff protested, Detective Bathon told him to "shut the fuck up." Plaintiff asked for his glasses, which had been knocked off his face. Then Detective Brown joined in punching Plaintiff, slamming Plaintiff's head on the ground, yelling at Plaintiff to shut up and saying, "fuck your glasses, where the dope at motherfucker." Plaintiff states that he did not resist and was not combative. Plaintiff alleges, "my head above my right eye was busted over as well as my left eye was busted while I was handcuffed" and states that he was severely beaten all over, causing injuries to his ribs, hips, knees,

back, neck, and lips. According to his complaint, at approximately 12:42 p.m., he was transported to St. Joseph Hospital and admitted to the emergency room. He states that Detective Brown[1] told the nurses there that "nothing was wrong with" Plaintiff.

At some point Plaintiff was brought from the hospital to the St. Charles County Department of Corrections. The following day, July 16, 2026, he was transported to St. Joseph Hospital a second time, by Officer Jennings (badge number 1031). He alleges that, among other things, Officer Jennings "was aggressively handling" him and caused him "to fall and trip very hard on [his] face and chest" as he was exiting the exam room that afternoon. He characterizes Officer Jennings's conduct as retaliation.

Plaintiff alleges that he has sustained multiple injuries: he has permanent scarring to his face, suffers from serious migraines, and incurred internal trauma to his groin, which has caused him to urinate blood, soaking his undergarments for weeks. Through medical, he saw Dr. Zach Orr, who prescribed medication on August 27, 2026. Plaintiff also experienced depression to the point of suicidal ideation, for which he was sent to the suicide unit for two weeks. His glasses were destroyed in the beating, and his vision has worsened.

Although he does not name them as defendants, Plaintiff also makes allegations concerning St. Charles Correctional Officer Griffin and Lieutenant Puerto. Plaintiff states that he filed a "PREA"—a report under the Prison Rape Elimination Act—against Griffin, as well as a grievance, after they made "an unprofessional sexual comment" toward him. He claims Lieutenant Puerto was charged with investigating his complaint but instead interrogated him and threatened to put him in segregation if he did not change his story.

[1] Plaintiff attributes this act to "Det. Brown #523." That is the badge number he alleges belongs to Detective Bathon.

Plaintiff has named as defendants Detectives Bathon and Brown and Officer Jennings, as well as the St. Charles City Police. He seeks damages, including punitive damages, along with preliminary and permanent injunctive relief.

**St. Charles City Police**

First, Plaintiff's claim against the St. Charles City Police is subject to dismissal because police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local governments are not "juridical entities suable as such"). Furthermore, even if the City of St. Charles were substituted as the proper party defendant, Plaintiff has not stated a municipal liability claim against it. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that municipal liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise"). The official-capacity claims against Detectives Bathon and Brown are similarly subject to dismissal, as those claims are actually against their employer, the City of St. Charles. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself").

**Detectives Bathon and Brown**

Plaintiff also sued Bathon and Brown in their individual capacities. Those allegations amount to a claim under the Fourth Amendment for excessive force.[2] "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417

[2] The Court has considered whether Plaintiff's allegations also amount to a claim for unreasonable seizure. Construing the complaint liberally and taking all reasonable inferences in his favor, any such claim has not crossed "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 679.

F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018); *accord Cartia v. Beeman*, 122 F.4th 1036, 1041 (8th Cir. 2024). Plaintiff alleges that Bathon and Brown beat him severely while he was restrained and not resisting arrest, which amounts to a plausible excessive force claim. The Court will cause process to be served on these defendants.

**Officer Jennings**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Taken as true, and making every reasonable inference in Plaintiff's favor, the allegations concerning Officer Jennings are insufficient to state a claim for excessive force. *See Robinson v. Hawkins*, 937 F.3d 1128, 1135–36 (8th Cir. 2019) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment"); *see also id.* at 1136 ("A de minimis use of force is insufficient to support a claim").

Further, although Plaintiff characterizes Jennings's conduct as retaliatory, he has not alleged that he engaged in a constitutionally protected activity that could give rise to an actionable retaliation claim. *See Small v. McChrystal*, 708 F.3d 997, 1008 (8th Cir. 2013) (holding that, among other things, to prevail on a First Amendment retaliation claim, plaintiff must show that he "engaged in protected activity"); *see also Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) ("Merely alleging that an act was retaliatory is insufficient.").

Any claim against Officer Jennings will be dismissed without prejudice.

**Correctional Officer Griffin and Lieutenant Puerto**

The purpose of the Prison Rape Elimination Act is, among other things, to prevent sexual assaults in the prison system. 34 U.S.C. § 30302. The PREA "does not authorize or create a private right of action." *Barber v. Baker*, 3:20-cv-0336-KGB-JTR 2020 WL 8372643, at *2 (E.D. Ark. Nov. 3, 2020) (collecting cases); *see also Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (per curiam) (holding the PREA does not create a private right of action). Plaintiff cannot bring a claim against Griffin or Puerto under the PREA. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."). Any such claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *id.* § 1915A(b)(1).

Moreover, even if they were viable claims under a different legal theory, his claims against Griffin and Puerto cannot be raised in this lawsuit because they are wholly unrelated to his claims against Bathon and Brown. The Federal Rules of Civil Procedure do allow a plaintiff to raise unrelated claims in a single lawsuit if they all arise against a single defendant. *See* Fed. R. Civ. P. 18(a); *see also* 6A *Wright & Miller's Federal Practice & Procedure* § 1582 (3d ed. 2026 update). But Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of different defendants, and it provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*See also* Wright & Miller, *supra*, § 1655. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Easterbrook, J.). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (remarking that "procedural rules in ordinary civil litigation" apply litigants proceeding without counsel).

Plaintiff's allegations about Griffin and Puerto relate to their conduct during his incarceration at St. Charles County Department of Corrections. These claims are unrelated to his excessive force claim against Bathon and Brown because they arise out of different occurrences or transactions. They cannot be brought in the same suit.

The Court may, on its own, drop parties or sever any claims against a party to remedy this misjoinder. *See* Fed. R. Civ. P. 21. The Court will therefore sever and dismiss, without prejudice, Plaintiff's claims against Griffin and Puerto.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [4], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's second application to proceed in the district court without prepaying fees or costs, Doc. [7], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $95.28 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding. **Failure to timely pay the initial partial filing fee may result in the dismissal of this action without further notice.**

**IT IS FURTHER ORDERED** that Plaintiff's first application to proceed in the district court without prepaying fees or costs, Doc. [3], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants St. Charles City Police, Detective Bathon in his official capacity, Detective Brown in his official capacity, Officer Jennings, Correctional Officer Griffin, and Lieutenant Puerto are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Defendant Benjamin Bathon (badge number 523) in his individual capacity. Defendant Bathon shall be personally served by issuance of summons and service by the U.S.

Marshals Service at City of St. Charles Police Department at 1781 Zumbehl Road, St. Charles, Missouri 63301.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon Defendant David Brown (badge number 518) in his individual capacity. Defendant Brown shall be personally served by issuance of summons and service by the U.S. Marshals Service at City of St. Charles Police Department at 1781 Zumbehl Road, St. Charles, Missouri 63301.

**IT IS FINALLY ORDERED** that an appeal of this partial dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated this 12th day of November 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE